UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

FANGQIONG CHEN,

            Plaintiff,

v.

MERRICK B. GARLAND, *et al.*,

            Defendants.

**ORDER**
22-CV-07279 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff commenced this case by filing a complaint seeking mandamus relief related to an application for asylum that she filed with the U.S. Citizenship and Immigration Service ("USCIS") nearly seven and a half years ago. ECF No. 1. Defendants previously filed a letter indicating that USCIS has scheduled an interview with Plaintiff for October 9, 2023, regarding her application. ECF No. 9. Defendants asserted that since they cannot take any further action on Plaintiff's application until the interview occurs, Plaintiff's complaint is now moot because Defendants have done everything possible to remedy the delay that triggered Plaintiff's request for mandamus in the first place. *Id.*

      The Court previously observed that Plaintiff's complaint is ambiguous as to whether she seeks an order compelling USCIS to adjudicate her application or merely an order compelling USCIS to take some action on her application, such as scheduling an interview with her, so that the adjudication process can move forward. *See* ECF Nos. 1, 10. The Court therefore ordered Plaintiff to file a letter with the Court no later than May 1, 2023, clarifying the nature of the mandamus relief that she seeks and whether she intends to continue this lawsuit even though USCIS has sent her an interview notice. ECF No. 10. The Court expressly warned Plaintiff that her failure timely to file that letter might result in the Court dismissing her case for failure to

prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Court also warned Plaintiff that if she failed to file a response, then the Court would likely take under consideration whether it lacks jurisdiction over her claims.

Plaintiff did not file a submission in response to the Court's order, and her time to do so expired more than two weeks ago.  In the absence of further guidance from Plaintiff, the Court interprets her complaint as merely seeking some action on her asylum application, such as scheduling an interview, rather than a complete adjudication of the application.  *See* ECF No. 1 at 2 (requesting that the Court enter an order to "compel [Defendants] to properly fulfill their public and statutory duties to overcome the unreasonable delays in a timely manner").  The Court therefore dismisses Plaintiff's complaint without prejudice as moot, consistent with at least one other court in this District that has held that issuing an interview notice moots even a claim seeking the complete adjudication of a plaintiff's immigration-related application.  *See Yusupov v. Mayorkas*, No. 21-cv-4066, 2021 WL 6105720, at *2 (E.D.N.Y. Dec. 23, 2021) (dismissing as moot complaint for mandamus relief related to application for permanent residence status because "a decision on the application itself is not necessary to deprive the Court of jurisdiction on mootness grounds"); *see also Wang v. U.S. Citizenship & Immigration Serv.*, No. 22-cv-149, 2022 WL 17851621, at *2 (E.D.N.Y. Aug. 3, 2022) (dismissing as moot complaint for mandamus relief related to asylum application filed on behalf of relative).  As in those cases, "[t]his dismissal is without prejudice to further action in the case of future delay that might satisfy the applicable jurisdictional requirements," meaning that USCIS's failure to provide Plaintiff her scheduled interview may potentially enable Plaintiff to file a **new, separate** lawsuit asserting mandamus claims.  *Wang*, 2022 WL 17851621, at *2 n.2; *Yusupov*, 2021 WL 6105720,

2

3

at *2 n.1.  In the alternative, the Court dismisses Plaintiff's complaint without prejudice for failure to prosecute, pursuant to Rule 41(b), as warned in the Court's prior order.

The Clerk of Court is respectfully directed to enter a judgment dismissing Plaintiff's complaint without prejudice, to close this case, and to mail a copy of this order and the judgment to the *pro se* Plaintiff.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated:  Brooklyn, New York
        May 19, 2023